FILED

11/09/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 11, 2017 Session

## NATALIE SHARP v. TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE

**Appeal from the Circuit Court for Davidson County**
**No. 15C3610     Thomas W. Brothers, Judge**

_____

**No. M2016-01207-COA-R3-CV**

_____

This appeal involves the trial court's order of disclosure of certain public records over the objection of the Tennessee Department of Commerce and Insurance and the corresponding denial of attorney fees for failure to disclose the said records. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S and ANDY D. BENNETT, J., joined.

Herbert H. Slatery, III, Attorney General & Reporter; Andrée S. Blumstein, Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General, Nashville, Tennessee, for the appellant, State of Tennessee, Department of Commerce and Insurance.

Jackie Sharp, Jr., Nashville, Tennessee, for the appellee, Natalie Sharp.

## OPINION

### I.     BACKGROUND

In December 2011, the Executive Director of the Board of Cosmetology discovered that a license technician, Latrisha Johnson ("Johnson"), had destroyed a number of cosmetology licensee files and had likely been collecting bribes and fraudulently issuing cosmetology licenses. Maliaka Bass, Deputy General Counsel for the General Civil Division of the Tennessee Department of Commerce and Insurance ("the Department"), began an investigation. As part of her investigation, General Bass requested an internal audit of reciprocal license applications issued from July 1, 2011, through February 14, 2012. On March 13, 2012, the Department notified Johnson of its

intent to dismiss her from employment based upon the allegations. Johnson resigned two days later. On May 24, 2012, the Office of Internal Audit issued a final audit investigation report related to the missing applications.

As a result of the final audit, the Department revoked the licenses of those it believed fraudulently obtained a license. The Department also brought an administrative action to revoke the license of Lee Phan, an owner of a nail salon, upon discovery of his alleged involvement in the scheme. Natalie Sharp ("Petitioner") represents Mr. Phan.

On January 20, 2015, Petitioner submitted a public records request to the Department pursuant to the Tennessee Public Records Act, codified at Tennessee Code Annotated section 10-7-101, et seq., in which she sought to inspect the final audit investigation report, as well as supporting documentation. The Department denied the request, citing the attorney work product and attorney-client doctrines.

On January 31, 2015, Petitioner submitted a second public records request in which she sought the following:

(1)     All correspondence regarding cosmetology licensing between [the Department] and media outlets and their representatives, including, but not limited to, Jennifer Kraus of News Channel 5[;]

(2)     A list of the [employee numbers for] Mark Green, Shilina Brown, and Roxana Gumucio[; and]

(3)     All correspondence between [the Department] and witnesses subpoenaed for APD Case No. 12.09-12456A.

While not indicated in her request, Petitioner sought the information for purposes of drafting a brief in support of her request for judicial review of the administrative decision to revoke Mr. Phan's license. The brief was due on March 13, 2015.

The Department, through Anthony Glandorf, replied to the request by email, advising Petitioner that the request could not be completed until February 20, 2015. The employee numbers were provided on February 19; however, Mr. Glandorf sent additional emails in which he extended his estimation of the time necessary to compile the requested documents. Petitioner did not respond to the emails.

On March 6, Mr. Glandorf informed Petitioner that he had compiled the witness correspondence, and on March 26, he informed her that the remaining records were available. Petitioner asked to inspect the records on March 27. Her request was denied

because Mr. Glandorf was out of the office on that date. Petitioner did not inspect the records until August 18.

On September 30, 2015, Petitioner filed suit against the Department, requesting access to the final audit report and supporting documentation. She further asserted that the Department failed to furnish a completed records request form in response to her January 31 request. Further, she claimed that there was an unreasonable delay in providing the records and that the Department improperly redacted information and improperly refused inspection of non-responsive records. Plaintiff sought attorney fees based upon the Department's willful violations of the TPRA.

The Department denied wrongdoing, citing the attorney work product doctrine as pertinent to the January 20 request. Relative to the January 31 request, the Department claimed that it redacted information that was privileged or non-responsive to the request.

The case proceeded to a hearing, after which the court held that the Department had improperly denied the January 20 request. In so holding, the court found that the final audit report, while produced in anticipation of litigation, was "ordinary work product," that Petitioner demonstrated a substantial need for the report, that the attorney work product protection had been waived because details of the report had been disclosed in the notice of intent to dismiss Johnson, and that the report was no longer protected because there was no possibility of litigation concerning Johnson's dismissal. Relative to the January 31 request, the court found that Petitioner failed to establish that the Department acted in bad faith in failing to use the correct form and in failing to produce the records within the original time estimation. However, the court reserved ruling on whether the records had been improperly redacted, finding that an in camera inspection of the documents was necessary to determine if the redactions were overbroad as alleged.

Following an in camera inspection of the redacted documents, the court found that additional pieces of correspondence should have been provided but that the remaining correspondence did not merit disclosure because the correspondence consisted of communications between state employees or involved attorney-client communications. The court noted that any correspondence beyond the date of the request was also not subject to disclosure. The court denied attorney fees. This timely appeal followed the denial of post-trial motions.

## II.    ISSUES

We consolidate and restate the issues on appeal as follows:

A. Whether the court erred in finding that the Department erroneously denied the January 20 request for the final audit report.

B. Whether the court erred in finding that the Department was not required to disclose the entirety of the media correspondence in response to the January 31 request.

C. Whether the court erred in denying Petitioner's request for attorney fees and costs.

## III. STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

Decisions pertaining to whether to award attorney fees should not be overturned absent an abuse of discretion. Under the abuse of discretion standard, this court is bound by the principle that the trial court "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *Deakins v. Deakins*, E2008-00074-COA-R3-CV, 2009 WL 3126245, at *7 (Tenn. Ct. App. Sept. 30, 2009) (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). A trial court abuses its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999) (citation omitted).

## IV. DISCUSSION

### A.

The TPRA provides, in pertinent part, as follows:

All state, county and municipal records shall, at all times during business hours, which for public hospitals shall be during the business hours of their administrative offices, be open for personal inspection by any citizen of this state, and those in charge of the records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tenn. Code Ann. § 10-7-503(a)(2)(A). Disclosure of documents and papers prepared in anticipation of litigation or in preparation for trial are generally protected from discovery under the TPRA based upon the work product doctrine. *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 786 (Tenn. Ct. App. 1999); *see generally Hickman v. Taylor*, 329 U.S. 495, 509-12 (1947) (setting forth the work product doctrine).

Rule 26.02(3) of the Tennessee Rules of Civil Procedure codified the work product doctrine as follows:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including an attorney, consultant, surety, indemnitor, insurer, or agent) *only upon a showing* that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

(Emphasis added.). The work product doctrine may be waived under very specific and narrow circumstances, namely when the use of the document is unfair and inconsistent with the claim of privilege or when the claim of privilege has been waived or has expired.

As a threshold issue, Petitioner claims that the final report was not protected because it was not prepared in anticipation of litigation. The trial court swiftly rejected this argument, noting that the final audit was initiated by General Bass in anticipation of litigation. The record supports this finding.

The Department first claims that the court erred in finding that the report was subject to disclosure because it was "ordinary work product", not "opinion work product." In determining whether the report was subject to disclosure, the court considered whether the report contained "mental impressions, conclusions, opinions, or legal theories," thereby entitling it to a broader protection. *See Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 221 (Tenn. Ct. App. 2002) (holding that a "far stronger showing of necessity" is required to obtain attorney work product that contains the attorney's opinions or mental impressions). The court found that the report did not contain such material, thereby requiring disclosure upon a proper showing. The record supports this finding.

Next, the Department argues that the court erred in finding that the attorney work product protection no longer applied based upon a finding of waiver or expiration. This was an alternative ruling issued by the trial court. First, the trial court found that Petitioner made a proper showing of necessity, namely that she had a substantial need for the report to aid in her defense of Mr. Phan and that she was unable to obtain the report without undue hardship. The record supports this finding as well, thereby requiring disclosure without need for further justification. In the event of further appellate review, we will address the alternative grounds relied upon by the trial court.

Relative to waiver, some of the information contained in the report was relied upon as justification for the Department's intent to dismiss Johnson. The report was also relied upon to revoke the licenses of those it believed fraudulently obtained a license, including Mr. Phan. The use of the report in this manner is inconsistent with a claim of privilege. *Arnold*, 19 S.W.3d at 787 ("Courts have universally held that a party is prevented from invoking the work product doctrine immunity as both sword and shield."). With these considerations in mind, we conclude that the record supports the court's finding of waiver.

Relative to expiration, the court found that any protection of the report provided by the work product doctrine expired because there was no longer any possibility of civil litigation relative to Johnson given that any potential claim would be barred by the one-year statute of limitations under the Governmental Tort Liability Act. The Department claimed at trial and now on appeal that the protection of attorney work product extends beyond the termination of litigation for which the documents were generated and can be claimed in subsequent litigation. We agree. "The work product doctrine is not case specific," meaning that "work product that was privileged in prior litigation remains privileged in subsequent litigation." *Swift v. Campbell*, 159 S.W.3d 565, 573 (Tenn. Ct. App. 2004) (citations and footnotes omitted). "This is especially true when the subsequent litigation is closely related to the prior litigation." *Id.* (citation omitted). While Johnson may no longer file a claim related to her termination, Mr. Phan's litigation was ongoing, at least at the time the public record request was made. However, this conclusion does not require reversal given Petitioner's proper showing of substantial need and the Department's waiver of the protection.

B.

Petitioner argues that the court erred in ruling that she was not entitled to inspect all media correspondence in response to her January 31 request. She claims that all information should have been released regardless of its responsiveness to her request and that the Department failed to meet its burden to demonstrate that disclosure was unwarranted. The Department responds that the court properly ruled that Petitioner was

not entitled to access records that were either unresponsive or privileged communications. We agree with the Department.

"Any request for inspection or copying of a public record shall be sufficiently detailed to enable the governmental entity to *identify the specific records* for inspection and copying." Tenn. Code Ann. § 10-7-503(a)(4) (emphasis added).[1] Here, Petitioner requested

> (4)    All correspondence regarding cosmetology licensing between [the Department] and media outlets and their representatives, including, but not limited to, Jennifer Kraus of News Channel 5[;]

> (5)    A list of the [employee numbers for] Mark Green, Shilina Brown, and Roxana Gumucio[; and]

> (6)    All correspondence between [the Department] and witnesses subpoenaed for APD Case No. 12.09-12456A.

The Department produced documents that were responsive to the request but redacted communications that were either non-responsive or privileged. With the exception of the records the court found were unlawfully withheld, the Department complied with the request and was not required to produce non-responsive or privileged communications pursuant to the TPRA.

Next, Petitioner claims that the Department's failure to specifically identify each privileged communication was in violation of Rule 26.02(5) of the Tennessee Rules of Civil Procedure.[2] These records were not submitted in response to a discovery request

---

[1] Petitioner claims that a prior version of the TPRA permitted the inspection of nonexempt records. Prior to a 2016 amendment to the TPRA, Section 10-7-503(a)(4) provided,

> This section shall not be construed as requiring a governmental entity or public official to sort through files to compile information; however, a person requesting the information shall be allowed to inspect the nonexempt records.

The TPRA still required a "sufficiently detailed" request to enable the production of the "specific records" sought. Tenn. Code Ann. § 10-7-503(a)(7)(B) (2015). The TPRA also does not prohibit the redaction of non-responsive or confidential information, prior to or following the 2016 amendment.

[2] "When a party withholds information otherwise discoverable under the rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege protection." Tenn. R. Civ. P. 26.02(5).

but were produced pursuant to the TPRA, which only requires a written denial that includes the basis for such denial. With the above considerations in mind, we hold that the record supports the court's denial of access to the non-responsive and privileged communications.

C.

Petitioner claims that the court abused its discretion by refusing to award attorney fees. Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "Under the American [R]ule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American [R]ule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). A right to recover attorney fees in cases filed pursuant to the TPRA was created by Tennessee Code Annotated section 10-7-505(g), which provides,

> If the court finds that the governmental entity, or agent thereof, refusing to disclose a record, *knew that such record was public* and *willfully* refused to disclose it, such court may, *in its discretion*, assess all reasonable costs involved in obtaining the record, including reasonable attorneys' fees, against the nondisclosing governmental entity. In determining whether the action was willful, the court may consider any guidance provided to the records custodian by the office of open records counsel as created in title 8, chapter 4.

(Emphasis added.). Here, the Department relied upon exceptions provided by state law in withholding the requested information. The denial of attorney fees is also a discretionary matter. With these considerations in mind, we affirm the denial of attorney fees.

**V.  CONCLUSION**

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed one-half to the appellant, State of Tennessee, Department of Commerce and Insurance and one-half to the Appellee, Natalie Sharp.

_____
JOHN W. McCLARTY, JUDGE

- 8 -